IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THOMAS COMBS,
:
    Petitioner,                               Case No. 1:06-cv-476

                                     :                 District Judge Susan J. Dlott
    -vs-                                            Chief Magistrate Judge Michael R. Merz

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
:
    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 20) to the Magistrate Judge's Report and Recommendations (Doc. No. 16), recommending that the Petition be dismissed with prejudice. Petitioner pleads two grounds for relief:

> **Ground One:** The state trial court denied Petitioner substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution when it allowed and considered materials and evidence not relevant to convicted offenses that were totally outside the purview of the record and evidence adduced at the trial and provided in Petitioner's discovery.
>
> **Ground Two:** The state trial court denied Petitioner his vital rights [to a] jury determination concerning his sentence as established under Blakely v. Washington, 542 U.S. ___ (2004), 124 S. Ct. 2531, thus declining to extend U.S. Supreme Court controlling law.

(Petition, Doc. No. 1, 6-7.)

Petitioner was convicted of two counts of gross sexual imposition in the Butler County Common Pleas Court and sentenced to two consecutive five-year sentences. Although the convictions occurred after trial in February, 2000, the sentence Petitioner is now serving was

-1-

imposed by the Common Pleas Court on May 17, 2006, after remand by the Ohio Supreme Court pursuant to its decision in *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006).

## Ground One

In Ground One, Petitioner asserted he was initially sentenced on the basis of victim impact statements made by a representative of one of the victims, a detective, another alleged victim, and an unidentified speaker who asked that Petitioner apologize to the speaker. Petitioner raised this claim on direct appeal without success. Respondent contended in the Return of Writ that this Ground for Relief is barred by Petitioner's procedural default in presenting it to the state courts, to wit, by Petitioner's failure to make any contemporaneous objection to the additional information. As noted in the original Report and Recommendations, Petitioner made no reply to that argument in his Reply (Doc. No. 4).

Petitioner does reply in his Objections, however. He takes no issue with the conclusion that Ohio has a contemporaneous objection rule, but asserts that it was not enforced against him, asserting that the Butler County Court of Appeals both invoked the contemporaneous objection rule and decided this claim on the merits of the federal law issue raised. That contention is belied by examination of the Court of Appeals' opinion. It plainly noted the absence of any objection at the time. (Opinion, Return of Writ, Ex. 19, at 5). Then it noted that, in the absence of a contemporaneous objection, it was limited to plain error review.

Reservation of authority to review in exceptional circumstances for plain error is not sufficient to constitute application of federal law. *Cooey v. Coyle,* 289 F.3d 882, 897 (6th Cir. 2002); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000). A state appellate court's review for plain error is

enforcement, not waiver, of a procedural default. *White v. Mitchell,* 431 F.3d 517, 524 (6th Cir. 2005); *Hinkle v. Randle,* 271 F. 3rd 239 (6th Cir. 2001), citing *Seymour v. Walker*, 224 F. 3rd 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

In addition, in the course of its plain error review did not in any way invoke federal law; instead, it considered only the state law questions presented by this assignment of error.

Thus Mr. Combs' objections as to Ground One for Relief are not well taken.

### Ground Two

In Ground Two Petitioner asserts that he is entitled to the benefit of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), where the Supreme Court held any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. At the time of his initial appeal, Mr. Combs argued, following *Blakely*, that the factual determinations needed under Ohio Revised Code § 2929.14 to justify consecutive sentences, had to be made by a jury; in his case they had been made by the sentencing judge. When this case reached the Ohio Supreme Court, that court reversed on the basis of its holding in *State v. Foster, supra,* that Ohio Revised Code § 2929.24 was indeed unconstitutional under *Blakely* and it remanded the case for sentencing. However, in *Foster*, the Ohio Supreme Court adopted as a remedy for the unconstitutionality of Ohio Revised Code § 2929.14 severance of the offending requirements of Ohio Revised Code § 2929.14 so as to allow sentencing judges to impose any

-3-

sentence authorized by law without any additional findings. That is precisely what happened here on remand. Any comments by the sentencing judge about the advisability of consecutive sentences are merely his explanation, which he was not required to give, of why that sentence was appropriate.

While *Blakely* requires that any "elements" of a criminal offense, including any required to be found sentencing factors, must be pled and tried to a jury unless admitted, it leaves to the States to determine what the elements of an offense are. The Ohio Supreme Court has made that determination in *Foster* and it is binding on this Court.

Therefore Petitioner's Second Ground for Relief is without merit.

### Conclusion

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice and Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 12, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections

shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).